IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JILL MARIE FITCHEARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00638 |
| ) | District Judge Trauger |
| METROPOLITAN GOVERNMENT OF ) | |
| NASHVILLE AND DAVIDSON ) | |
| COUNTY ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## THE METROPOLITAN GOVERNMENT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), the Metropolitan Government of Nashville and Davidson County moves to dismiss all claims against it for failure to state a claim upon which relief may be granted. In support of her race discrimination and retaliation claims, Plaintiff does not offer any facts, only desired remedies and legal conclusions. Neither are sufficient to survive a motion to dismiss.

Plaintiff attempts to elevate routine technological challenges with her employer to a violation of federal law. She requests that this Court order the Metropolitan Government to outfit her with top-of-the-line technology at a cost of $12,500. (Compl. ¶ V, Doc. No. 1.) She also asks for two million dollars in punitive damages[1] for the "digital terrorism" that she purportedly experienced and that the Metropolitan Government be enjoined from surveilling her personal devices. (*Id.*)

---

[1] Punitive damages are not available against the government in a Title VII case. *Ward v. Tenn. Dep't of Educ.*, 2020 WL 1814194, *4 (M.D. Tenn. 2020) (Campbell, J).

{N0489440.1} 1

As grounds for this extraordinary relief, she relies solely on her allegation of "digital terrorism." There is no attempt to explain what "digital terrorism" is. Nor does the attached EEOC charge shed any additional light on the factual basis for her lawsuit. It states:

> I am a Black-African/American. I was hired by the above-named employer on June 17, 2019, as an Assistant Director. On December 4, 2019, I was promoted to an Executive Director of Commission. During my employment Ive been subjected to harassment from the Information Technology Department. In January 2022, I filed a complaint regarding having multiple technological issues with my work laptop and cell phone. Even though, my devices were replaced Im still unable to log into the company network to retrieve my emails and calendar. Currently, Im using a web-based outlook instead the company network. I believe my laptop and company cell phone including my personal cell phone are being monitored differently. I believe that I am being discriminated based on my race (Black-African/American) and retaliated against both in violation of Title VII of the Civil Rights Act of 1964, as amended.

(*Id.* at EEOC Charge.)

The Complaint and its attachments do not establish that the Plaintiff was discriminated against because there are no facts to establish that an adverse employment action was taken against Plaintiff or that she was treated less favorably than similarly situated comparators. Similarly, the Complaint does not allege that Plaintiff participated in any activity protected by Title VII of the Civil Rights Act or that she experienced any adverse action. Therefore, it also does not state a claim for retaliation. The entire complaint should be dismissed.

**LEGAL STANDARD**

The standard for testing the sufficiency of the allegations in a complaint in a motion to dismiss under Fed. R. Civ. P. 12(b)(6) was articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007). A plaintiff must allege in a complaint "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The "decision in *Twombly* expounded the pleading standard for 'all civil actions,'" including this one. *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).

As the Supreme Court reiterated in *Iqbal*, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557)

(cleaned up). Further, the tenet that a court must accept as true all of the well-pleaded factual allegations contained in a complaint is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." *Id.* (citations omitted). Determining whether a complaint states a claim for relief that is plausible on its face is a context-specific exercise that requires a court to "draw on its judicial experience and common sense." *Id.* at 679 (citations omitted).

## ARGUMENT

### I. Discrimination Claim

To establish a prima facie case of discrimination under Title VII, a plaintiff must allege that: (1) she is a member of a protected class; (2) she was qualified for the job and performed it satisfactorily; (3) despite her qualifications and performance, she suffered an adverse employment action; and (4) she was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside of her protected class. *Laster v. City of Kalamazoo*, 746 F.3d 714, 727 (6th Cir. 2014).

In the context of a Title VII claim, an adverse employment action is defined as a "materially adverse change in the terms or conditions" of employment. *Kocsis v. Multi-Care Mgmt. Inc.,* 97 F.3d 876, 885 (6th Cir. 1996). An adverse employment action constitutes "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761 (1998).

Here, the only employment change that the Complaint identifies is Plaintiff's *promotion* from Assistant Director to Executive Director. (EEOC Charge, Doc. No. 1.) As a

matter of law, that is not an adverse employment action, and the Complaint should be dismissed.

Additionally, Plaintiff's legal conclusion that she was harassed by the IT department does not state a claim for relief. This is simply a legal conclusion masquerading as a fact. There are no details about who did the harassing, what the harassing actions purportedly were, or why the harassment occurred. *Bender v. Gen. Dynamics Land Sys., Inc.*, 2020 WL 4366049, at *5 (E.D. Mich. July 30, 2020) ("Plaintiff's other allegations, such as that Defendants subjected her to "materially different standards and terms and conditions of her employment" on the basis of her race and gender, and "single[d] [her] out" are too conclusory to establish intolerable working conditions, or to otherwise plead an adverse employment action."). The Complaint also fails to identify any individuals who are similarly situated to Plaintiff but were treated more favorably. Without any facts, the Complaint cannot state a plausible claim for relief, and the discrimination claim must be dismissed.

## II.  Retaliation Claim

Title VII "prohibits retaliatory conduct by an employer when an employee engages in protected activity." *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 373 (6th Cir. 2013); *see also* 42 U.S.C. § 2000e-3. Employees engage in "protected activity" when they oppose practices "made unlawful under Title VII." *Brown*, 545 F. App'x at 373. Title VII makes it unlawful for employers to "discriminat[e] in employment because of race, color, religion, sex," and other characteristics. 42 U.S.C. § 2000e.

To establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate that: "(1) she engaged in activity protected by Title VII; (2) her exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed

between the protected activity and the 'materially adverse' action." *Jones v. Johanns*, 264 Fed. App'x 463, 466 (6th Cir. 2007) (quoting *Abbott v. Crown Motor Co., Inc.*, 348 F.3d 537, 542 (6th Cir. 2003)).

As with her discrimination claim, Plaintiff does not allege any factual support for her retaliation claim. The EEOC charge attached to the Complaint asserts that Plaintiff complained about her laptop and cell phone. (EEOC Charge, Doc. No. 1.) But she also alleges that the Metropolitan Government replaced her equipment (*id.*), which cannot constitute an adverse employment action. *Burlington Indus,* 524 U.S. at 761. Additionally, continued technological challenges, such as different monitoring or having to use a web-based system instead of the in-house network, does not constitute an adverse employment action. The Complaint and EEOC charge do not specify the extent of the monitoring or how it is different than other forms of monitoring utilized. These threadbare grievances are not sufficient to state a claim for retaliation, and Plaintiff's retaliation claim should be dismissed.

## CONCLUSION

The complete lack of factual allegations in the Complaint and accompanying EEOC charge warrants dismissal of this case. At best, the Complaint establishes normal trials and tribulations of navigating technology in a workplace. That is not actionable discrimination or retaliation. The Court should dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

/s/ *Melissa Roberge*
MELISSA ROBERGE (#26230)
MALLORY RICCI (#32492)
SENIOR COUNSEL
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
Melissa.Roberge@nashville.gov
Mallory.Ricci@nashville.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document has been served via U.S. Mail to:

Jill Marie Fitcheard
2232 Arbor Pointe Way
Hermitage, TN 37076

on this 22nd day of August, 2022.

/s/ *Melissa Roberge*
Melissa Roberge